United States District Court
Southern District of Texas
**ENTERED**
August 11, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS ALEJANDRO MANJARREZ TALAVERA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-04472 |
| | § | |
| ANDY FRAIN SERVICES, INC., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before this Court is Plaintiff Luis Alejandro Manjarrez Talavera's ("Plaintiff") Motion to Vacate Dismissal under Federal Rule of Civil Procedure 60(b). (Doc. Nos. 34, 35). Defendant Andy Frain Services, Inc. ("Defendant") filed a response. (Doc. No. 37). Plaintiff, proceeding *pro se*, requests this Court to vacate the dismissal of this case due to alleged unforeseen circumstances that led to his failure to prosecute this matter. (Doc. No. 34) (explaining that Plaintiff was in Mexico to tend to his ill mother and could not file documents in his case). Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect," (2) "newly discovered evidence," (3) "fraud," (4) "the judgment is void," (5) "the judgment has been satisfied," or (6) "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1)–(6). A ruling pursuant to Rule 60(b) is left to the "sound discretion of the district court." *See Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).

On August 27, 2025, this Court dismissed this case under Federal Rule of Civil Procedure 12(b)(6) without prejudice. (Doc. No. 24). The Court determined that "Plaintiff's vague allegations

are insufficient to state a plausible claim for discrimination or retaliation under Title VII." (*Id.* at 3). On September 9, 2025, Plaintiff appealed this dismissal to the United State Court of Appeals for the Fifth Circuit, (Doc. No. 25), but Plaintiff failed to prosecute his appeal. *See* (Doc. No. 33). Accordingly, on March 4, 2026, the Fifth Circuit dismissed the appeal for want of prosecution and the dismissal of this case became final. (*Id.*). Plaintiff now requests this Court to vacate its order dismissing this case for the failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). This request is denied, but the Court notes that this case was dismissed without prejudice. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001) ("The primary meaning of dismissal without prejudice, we think, is dismissal without barring plaintiff from returning later, to the same court, with the same underlying claim."). Accordingly, Plaintiff's Motion to Vacate (Doc. Nos. 34, 35) is **DENIED.**

It is so ordered.

Signed on this the 11th day of August 2026.

Andrew S. Hanen
United States District Judge